IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Peter Karoftis,

                        Hon.

    Plaintiff,              Case No.

v.

Penn Credit Corporation, a Pennsylvania corporation,

    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **Peter Karoftis** (Plaintiff), by and through counsel, brings this action against the above listed Defendants, **Penn Credit Corporation** ("Penn" or "Defendants") on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq,* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. and seeks actual damages, costs and attorney's fees.

### II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Pasco County, Florida, and a consumer as defined by 15 U.S.C. 1692a(3) and Florida Statutes, Sections 559.55 (2).

2.

Defendant Penn a debt collector located in the State of Pennsylvania with a registered

agent located in the State of Florida and the actions in this case taking place at Plaintiff's home in the City of Port Richey, Pasco County, Florida.

3.

The Defendant regularly attempts to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a(6) and FCCPA, 559.55 (6). Penn is a "person" as the term is defined and/or used in the TCPA.

### III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq*. and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d).

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA, a debt means any obligation or alleged obligation of a consumer to

pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

10.

A debt collector may not violate the FCCPA, Florida Statutes, Sections 559.72(9) by contacting the consumer with false payment and balance information.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

**FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)**

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; and

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

### V. FACTUAL ALLEGATIONS

18.

Plaintiff realleges the above pleadings.

19.

Plaintiff has received several calls since May of 2015 from Penn's representatives in regards to the collection of an alleged debt and amount that Plaintiff does not owe to a current or original creditor. **Please see attached Log and Phone ID from Penn at Exhibit No. 1**. Plaintiff has received nothing in writing from Defendant since the first calls to his phone number and does not know why Penn is calling him.

20.

As Mr. Karoftis has no idea who Defendant is or what debt they have the right to collect

for, he sent the Plaintiff a validation and cease and desist request to Defendant under the FDCPA. Defendant received the validation and cease and desist request on June 9, 2015. **Please see attached Exhibit No. 2**. Mr. Karoftis has no business relationship with Penn or anyone else associated with Penn.

21.

Defendant is continuing to call Plaintiff and has ignored Mr. Karoftis's desire to have Defendant validate the debt and cease and desist until they do. **Please see attached Exhibit No. 1 after June 9, 2015**.

22.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA, TCPA and FCCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANTS UNDER THE FDCPA, TCPA AND FCCPA

23.

Plaintiff realleges the above pleadings.

24.

Defendant Penn has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt pursuant to **Exhibit 1**;

    b) Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading

representations and means in connection with the collection or attempted collection of a debt;

c) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff pursuant to **Exhibit 1**; and

d) Defendants violated 15 U.S.C. § 1692g with no validation or dispute rights.

Wherefore, plaintiff seeks judgment against defendants for: a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and d) Such further relief as the court deems just and proper.

25.

Defendant has violated the FCCPA by violating Sections:

a) 559.72(9) with the claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;.

b) 559.72(7) by willfully harassing Plaintiff with repeated contact regarding a debt Defendant knows not to be legitimate pursuant to **Exhibit 1**.

c) 559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

26.

Under the FCCPA, the Defendants shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's liability for any additional statutory

damages, the court shall consider the nature of the Defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

27.

Plaintiff incorporates the foregoing paragraphs by reference.

28.

Defendants have violated the TCPA. Defendants' violations of the TCPA include, but are not necessarily limited to, the following:

a) Defendants violated 47 U.S.C. § 227(b)(1)(A) pursuant to **Exhibit 1**.

Wherefore, plaintiff seeks judgment against defendants for: a) Actual damages or $500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B); and b) Treble actual damages or $1,500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(C) for calls after June 9, 2015 pursuant to **Exhibit 1**.

29.

Because of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 20 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

30.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including statutory, actual damages, consequential damages, punitive damages and the costs and expenses of this action under the FDCPA, TCPA and FCCPA.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This July 8, 2015

                                          Respectfully submitted,

                                          /s/Brian P. Parker
                                          BRIAN P. PARKER (0980668)
                                          Attorney for Plaintiff